# Exhibit "A"

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
Telephone: (412) 261-5555
F: (215) 550-6557

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MARY ALBRIGHT; TISHA BLAKE; VALERIE JOHNSON; and A.K., a Minor, by and through her parents and natural guardians, VALERIE JOHNSON and JAMES CRAIG KING JR., individually | : : : : : : : | CIVIL DIVISION<br><br>GD-20-001463 |
| *Plaintiffs,* | : : : | **COMPLAINT** |
| v. | : : : | Filed on behalf of Plaintiffs |
| PANHANDLE OILFIELD SERVICES, INC.; BRANDON TYSON | : : : : | |
| *Defendants.* | : : : : | Counsel of Record for these parties:<br>ANTHONY J. GIANNETTI, ESQUIRE<br>Pa. Id. No. 318225<br>agiannetti@swartzculleton.com |
| | : : : : | ADAM D. SHORR, ESQUIRE<br>Pa. Id. No. 328007<br>ashorr@swartzculleton.com |
| | : : : : : | **SWARTZ CULLETON PC**<br>114 Smithfield Street<br>Pittsburgh, PA 15222<br>412-238-7610<br>Fax: 412-200-7595 |
| **JURY TRIAL DEMANDED** | : : : : | |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MARY ALBRIGHT; TISHA BLAKE; VALERIE JOHNSON; and A.K., a Minor, by and through her parents and natural guardians, VALERIE JOHNSON and JAMES CRAIG KING JR., individually | : : : : : : | CIVIL DIVISION<br><br>GD No.  20- 001463 |
| *Plaintiffs,* | : : : | |
| v. | : : : | |
| PANHANDLE OILFIELD SERVICES, INC.; BRANDON TYSON | : : : : | |
| *Defendants.* | : : | |
| **JURY TRIAL DEMANDED** | : | |

## CIVIL ACTION COMPLAINT

1.     Plaintiff, Mary Albright, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 22 Cumberland Village, Carmichaels, Pennsylvania 15320.

2.     Plaintiff, Trisha Blake, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 21 Cumberland Village, Carmichaels, Pennsylvania 15320.

3.     Plaintiff, Valerie Johnson, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 112 Mountainview Gardens, Waynesburg, Pennsylvania 15370.

4.     Plaintiff, A.K., a minor, is a citizen of the Commonwealth of Pennsylvania.

5.     Defendant, Panhandle Oilfield Services, Inc. (hereinafter referred to as "Panhandle Oilfield Services"), was and is now a business entity, believed to be a business corporation, that regularly conducts business in Allegheny County, with a principal place of business located at

14000 Quail Springs Parkway, Suite 300, Oklahoma City, Oklahoma 73134.

6.    Defendant, Brandon Tyson, is an adult individual and citizen of the State of West Virginia, residing therein at 1523 West 15th Street, Nitro, West Virginia 25143.

7.    Venue is proper in Allegheny County because one or more of the Defendants regularly and continuously conducts business in Allegheny County.

8.    At all times material herein, Defendant, Panhandle Oilfield Services, acted by and through its agents, servants, employees, workmen and/or other representatives, including Defendant Brandon Tyson, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

9.    At all times material herein, Defendants, Panhandle Oilfield Services and Brandon Tyson, owned, leased, possessed, maintained, controlled and/or operated a certain 2017 GMC-SRA, West Virginia License Plate #B260855, which was involved in the motor vehicle accident hereinafter described.

10.    On or about December 13, 2019, Plaintiff, Mary Albright, was operating a certain 2000 Honda Civic, Pennsylvania license plate #KXA1086, which was lawfully traveling north on State Route 79.

11.    On or about December 13, 2019, Plaintiffs, Tisha Blake, Valerie Johnson, and A.K., a minor, were passengers in the aforementioned 2000 Honda Civic operated by Plaintiff, Mary Albright.

12.    On or about December 13, 2019, Plaintiff, Mary Albright, was operating the aforesaid vehicle and was lawfully traveling on State Route 79. Suddenly and without warning, the aforesaid GMC-SRA owned by Defendant, Panhandle Oilfield Services, and operated by Defendant, Brandon Tyson, within the course and scope of his employment with Defendant

Panhandle Oilfield Services, violently collided into the front driver's-side of Plaintiff's vehicle, thereby causing Plaintiffs to sustain severe and permanent injuries as described more fully hereinafter.

13.     The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendants and was due in no manner to any act or failure to act on the part of Plaintiffs.

**COUNT I**
**MARY ALBRIGHT v. PANHANDLE OILFIELD SERVICES, INC. AND BRANDON TYSON**
**NEGLIGENCE**

14.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirteen (13) of the within Complaint as though the same were fully set forth at length herein.

15.     The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendants, which consisted of the following:

      (a)    failing to have the aforesaid GMC-SRA under proper and adequate control at the time of the motor vehicle accident described herein;

      (b)    operating the aforesaid GMC-SRA in an unsafe and careless manner without due regard for the rights and safety of those lawfully upon the roadway, such as Plaintiffs; more specifically, failing to bring the aforesaid GMC-SRA to a stop prior to striking the front driver's-side of Plaintiff's vehicle, and otherwise failing to operate the aforesaid GMC-SRA in a manner so as to avoid making contact with Plaintiff's vehicle;

      (c)    failing to give proper and sufficient warning of the approach of the aforesaid GMC-SRA;

      (d)    failing to stop the aforesaid GMC-SRA once it struck Plaintiff's vehicle;

      (e)    failing to maintain a proper lookout upon the roadway;

      (f)    failing to regard the point and position of other vehicles upon the roadway, including the Plaintiff's vehicle;

(g)    failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h)    operating a motor vehicle with disregard for the safety of other persons upon the roadway;

(i)    failing to prevent the aforesaid GMC-SRA from striking Plaintiff's vehicle;

(j)    entrusting its aforesaid GMC-SRA to Defendant Brandon Tyson when his propensity for careless and/or negligent driving was or should have been known by Defendant;

(k)    failing to recognize prior instances of careless and/or negligent driving by its employees, such as Defendant Brandon Tyson;

(l)    failing to recognize prior accidents of its employees, such as Defendant Brandon Tyson;

(m)    failing to properly hire employees qualified to drive its vehicles;

(n)    failing to properly train, monitor and supervise its employees;

(o)    failing to properly train employees on proper driving safety;

(p)    otherwise failing to exercise due and proper care under the circumstances; and

(q)    violating various ordinances and statutes pertaining to the operation of motor vehicles, including, but not limited to, Pennsylvania Vehicle Code Sections 3361, 3310(A), and 3714(A).

16.    By reason of the aforesaid negligence of the Defendants, Plaintiff, Mary Albright, has suffered severe and permanent injuries, including, but not limited to, two fractured ribs on her left side, a left bruised eye, neck pain, and bruises on both legs, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

17.    As a further result of the motor vehicle accident described herein, Plaintiff has been

or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

18.    As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

19.    As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which she claims damages herein.

20.    Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

21.    As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

22.    As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

23.    As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered

great physical pain, suffering and mental anguish, all of which may continue into the future.

24.     Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's negligence and carelessness.

25.     At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Mary Albright, demands judgment against Defendants, Panhandle Oilfield Services, Inc. and Brandon Tyson, in an amount in excess of Fifty Thousand Dollars ($35,000.00).

## COUNT II
## TISHA BLAKE v. PANHANDLE OILFIELD SERVICES, INC. AND BRANDON TYSON
## NEGLIGENCE

26.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-five (25) of the within Complaint as though the same were fully set forth at length herein.

27.     The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendants, as set forth in paragraph 15 above, which is hereby incorporated by reference.

28.     By reason of the aforesaid negligence of the Defendants, Plaintiff, Tisha Blake, has suffered severe and permanent injuries, including, but not limited to a fractured right ankle requiring surgical repair, a fractured left rib, and an enlarged spleen, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

29.     As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums

of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

30.    As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

31.    As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which she claims damages herein.

32.    Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

33.    As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

34.    As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

35.    As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

36.     Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendants' negligence and carelessness.

37.     At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Tisha Blake, demands judgment against Defendant, Panhandle Oilfield Services, Inc. and Brandon Tyson, in an amount in excess of Fifty Thousand Dollars ($35,000.00).

**COUNT III**
**VALERIE JOHNSON v. PANHANDLE OILFIELD SERVICES, INC. AND BRANDON TYSON**
**<u>NEGLIGENCE</u>**

38.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-seven (37) of the within Complaint as though the same were fully set forth at length herein.

39.     The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendants, as set forth in paragraph 15 above, which is hereby incorporated by reference.

40.     By reason of the aforesaid negligence of the Defendants, Plaintiff, Valerie Johnson, has suffered severe injuries, including, but not limited to, abrasions to her face and hands, bruises on her left hip and right knee, cervical sprain and strain, lumbar strain and sprain, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

41.     As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums

of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

42.    As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

43.    As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which she claims damages herein.

44.    Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

45.    As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

46.    As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

47.    As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

48.   Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendants' negligence and carelessness.

49.   At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Valerie Johnson, demands judgment against Defendant, Panhandle Oilfield Services, Inc. and Brandon Tyson, in an amount in excess of Fifty Thousand Dollars ($35,000.00).

**COUNT IV**
**A.K., A MINOR, BY AND THROUGH HER PARENTS AND NATURAL GUARDIANS,**
**VALERIE JOHNSON AND JAMES CRAIG KING JR. v. PANHANDLE OILFIELD**
**SERVICES, INC. AND BRANDON TYSON**
**<u>NEGLIGENCE</u>**

50.   Plaintiff hereby incorporates by reference paragraphs one through forty-nine (49) of the within Complaint as though the same were fully set forth at length herein.

51.   The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendants, as set forth in paragraph 15 above, which is hereby incorporated by reference.

52.   By reason of the aforesaid negligence of the Defendants, minor Plaintiff has suffered severe and permanent injuries, including, but not limited to, bruises on her right knee and thigh, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

53.   As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums

of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

54.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

55.     As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which she claims damages herein.

56.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

57.     As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

58.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

59.     As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

60.     Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's negligence and carelessness.

61.     At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, A.K., a minor, by and through her parents and natural guardians, Valerie Johnson and James Craig King Jr., demands judgment against Defendants, Panhandle Oilfield Services, Inc. and Brandon Tyson, in an amount in excess of Fifty Thousand Dollars ($35,000.00).

Respectfully,

**SWARTZ CULLETON PC**

By:     /s/ Adam D. Shorr
        Adam D. Shorr, Esquire
        Anthony J. Giannetti, Esquire
        *Attorneys for Plaintiffs*

Date: January 28, 2020

## VERIFICATION

I, ___Mary Albright___, hereby state that I am the Plaintiff in this action and

verify that the statements made in the foregoing Civil Action Complaint are true and

correct to the best of my knowledge, information and belief.   The undersigned

understands that the statements herein are made subject to the penalties of 18 Pa. C.S.

4904 relating to unsworn falsification to authorities.

X   _Mary Albright_____

**VERIFICATION**

I, ___Valerie Johnson_____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.


X      *Valerie Johnson*

## VERIFICATION

I, _Tisha Blake_____, hereby state that I am the Plaintiff in this action and

verify that the statements made in the foregoing Civil Action Complaint are true and

correct to the best of my knowledge, information and belief.   The undersigned

understands that the statements herein are made subject to the penalties of 18 Pa. C.S.

4904 relating to unsworn falsification to authorities.


X   _Tisha Blake_____